UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE A. RODRIGUEZ and KARINA
RODRIGUEZ,

    Plaintiffs,

v.                                      Case No: 6:19-cv-1862-Orl-40GJK

GEICO GENERAL INSURANCE
COMPANY and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

    Defendants.

## ORDER[1]

This case comes before the Court without a hearing on Plaintiffs' Motion to Compel Production of Documents Responsive to Plaintiffs' First Request for Production (Doc. 21). Plaintiffs served their requests for production on Defendants GEICO General Insurance Company and Government Employees Insurance Company on November 27, 2019, and Defendants never responded (Id., at 1-2). Now, Plaintiffs seek an order compelling the discovery "and such other remedies as this Court deems appropriate." (Id., at 1-2, 4).

Defendants have not responded to the motion to compel and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[2] (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.
[2] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

(N.D. Ga. 2004)); Daisy, Inc. v. Pollo Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond, court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that this motion is unopposed.

Parties may request the production of information within the scope of FED. R. CIV. P. 26(b). FED. R. CIV. P. 34(a). A party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons[;]" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2). "When a party fails to timely serve responses to written discovery requests under Rule 34, the party waives any objections it may have to the discovery except objections based upon a recognized privilege from discovery." Holtzapple v. Nationwide Mut. Fire Ins. Co., No. 6:17-cv-2026-Orl-41GJK, 2018 WL 8221523, at *1 (M.D. Fla. June 28, 2018); Bailey v. City of Daytona Beach Shores, 286 F.R.D. 625, 627 (M.D. Fla. 2012); Reliance Ins. Co. v. Core Carriers, Inc., No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008). Defendants have waived all objections to Plaintiffs' requests for production except objections based upon attorney-client privilege and the work product doctrine.

Now, the unopposed motion to compel is **GRANTED**. Because Defendants have been aware of the requests for production since November 2019; they have been aware of the motion to compel since February 5, 2020; and they have not opposed the requests or the motion, they must have known long before now that the production would be

required. Consequently, there is no reason to give Defendants any meaningful amount of additional time to comply with this Order. Defendants have seven days from the rendition of this Order within to produce all the information requested in Plaintiffs' requests for production numbered 1-10, with exception of information protected by the attorney-client privilege or the work product doctrine.

When a motion to compel is granted, the Court must ordinarily award the movant its reasonable expenses, including attorney's fees, incurred to bring the motion. FED. R. CIV. P. 37(a)(5). The Rule recognizes three exceptions, none of which apply:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). Consequently, the Court finds that Defendants are jointly and severely liable for Plaintiffs' attorney's fees and costs incurred to prosecute the motion to compel. Plaintiffs have 14 days from the rendition of this Order within to file their application for fees and costs and then Defendants will have 14 days to respond. The parties may avoid this procedure by resolving this issue between themselves before Plaintiff's application is due.

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties