UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE A. RODRIGUEZ and KARINA
RODRIGUEZ,

    Plaintiffs,

v.                                        Case No:   6:19-cv-1862-Orl-40GJK

GEICO GENERAL INSURANCE
COMPANY and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiffs' Application for Fees (Doc. 30). Defendants oppose the motion (Doc. 33).

The Court previously granted Plaintiffs' motion to compel the production of documents and in that Order, awarded attorney's fees and costs pursuant to FED. R. CIV. P. 37(a)(5) (Doc. 22). Now, Plaintiffs seek a total of $2,750 in fees based upon five hours of attorney time at the rate of $550 per hour[1] (Doc. 31). Their application is supported by their lawyer's affidavit and itemization of the time claimed, and the affidavit of a disinterested attorney who has been offered as an expert witness (Docs. 31-32).

Defendants oppose the application and are asking the Court to reconsider its award of fees (Doc. 33). They submit that, while admittedly not an excuse, they provided substantial discovery to Plaintiffs before the Order compelling discovery was entered (Id., at 1). Defendant's attorney explains that he thought once this production was made,

---

[1] Plaintiffs do not seek an award of costs.

Plaintiffs' lawyer would withdraw the motion to compel or at the very least, inform the Court that Defendants had produced documents to Plaintiffs (Id.).

Defendants also argue that before the case was removed to this Court, three sets of requests for production were served in the state court, and responses were provided (Id., at 2). So, to quote Defendants' lawyer "[c]learly a massive amount of effort was undertaken and information provided before any Court Order." (Id.). Defendants represent that many of the responses they provided while the case was in state court are responsive to the fourth request for production was made in this Court (Id.). Defendants also served a supplemental response to Plaintiffs' fourth request for production, albeit after the Order compelling production was entered (Id., at 3). Unfortunately for Defendants, they did not file a response to Plaintiffs' motion to compel, which was therefore, treated as unopposed (Doc. 22 at 2).

Defendants never filed an actual motion for reconsideration and on that basis alone, their request can be denied. If a motion had been filed, then the Federal Rules of Civil Procedure do not expressly provide for the filing of a motion for reconsideration, but it is generally understood that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

"Reconsideration of a court's order is an extraordinary remedy and, thus, is a power which should be used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for

determination." United States v. Halifax Hosp. Med. Ctr., No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla.1993)). Parties cannot use a motion for reconsideration to ask a district court to "'relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop, Inc. v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-6000-Orl-31TBS,

Doc. 129 at 3 (M.D. Fla. May 12, 2016) (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

Reconsideration is not warranted here. Defendants failed to present any argument, let alone their strongest case in response to the motion to compel. They have not demonstrated that the Court misapprehended their position (since they did not take a position on the motion), nor have they shown that the Court misapprehended the facts or law. No intervening change in controlling law or the availability of new evidence has been asserted and the Court finds no clear error or manifest injustice. Accordingly, Defendants' request for reconsideration is **DENIED**.

The Court employs the lodestar approach as the first step in calculating a reasonable fee for Plaintiffs' attorney's services. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the

legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Norman, 836 F.2d at 1302. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The attorney fee applicant should present records detailing the amount of work performed. Once the prevailing party produces adequate billing records, "[t]he fee opponent then 'has the burden of pointing out with specificity which hours should be deducted.'" Rynd v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, at *9 (M.D. Fla. Jan. 25,

2012) (quoting <u>Centex-Rooney Constr. Co., v. Martin Cty.</u>, 725 So. 2d 1255, 1259 (Fla. Dist. Ct. App. 1999).

Defendants do not dispute the attorney time claimed, the lawyer's hourly rate, or the total amount sought. And, while $550 per hour is high, it is justified to some extent by the low number of hours charged to perform the service. Accordingly, the Court finds, in this circumstance, that the hourly rate and hours billed are reasonable. This results in a lodestar of $2,750 which does not require adjustment up or down to arrive at a fair and reasonable fee to Plaintiffs. Now, the motion is **GRANTED**, and Plaintiffs are awarded $2,750 for which Defendants are liable jointly and severally.

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record